12-765-cr (L)
United States v. Toole

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand thirteen.

Present:
> PIERRE N. LEVAL,
> ROBERT A. KATZMANN,
> PETER W. HALL,
>> *Circuit Judges.*

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                 Nos.    12-765-cr (Lead)
>                                                                                 12-933-cr (Con)

LAWRENCE A. WILLIAMS,

> *Defendant,*

EVERETTE TOOLE, AKA "E",
ALGERNON TOOLE, AKA A1, AKA PRIEST,

> *Defendants-Appellants*.

For Appellee: MONICA J. RICHARDS, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York.

For Defendant-Appellant
Everette Toole: JAMES S. WOLFORD, The Wolford Law Firm, LLP, Rochester, NY.

For Defendant-Appellant
Algernon Toole: SCOTT M. GREEN, Rochester, NY.

Appeal from the United States District Court for the Western District of New York (Larimer, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendants-Appellants Everette and Algernon Toole (collectively, "the defendants") both appeal from a February 13, 2012, judgment of the United States District Court for the Western District of New York (Larimer, *J.*). The defendants were each convicted of two counts of conspiracy to possess cocaine with intent to distribute. They both requested new trials based on newly discovered evidence, and the district court denied their motions. During trial, the defendants had attempted to impeach Brian Leonard, a key cooperating witness, with evidence that Leonard was conspiring to deal drugs after his release from prison. Leonard denied the accusations. Additional evidence about Leonard's alleged conspiracy surfaced after trial, and the defendants argue that access to this evidence would have allowed them to cross-examine Leonard more effectively and would have proven to the jury that Leonard was a perjurer.[1] We

---

[1] As the defendants acknowledge, the impeaching evidence (FBI reports of interviews of persons who stated that Leonard was involved in the alleged conspiracy) did not exist at the time of their trail. They argue that because, at the time of their trial, the government already suspected Leonard of being involved in an ongoing drug conspiracy, the government was under

2

assume the parties' familiarity with the remaining facts, the procedural history of the case, and the issues on appeal.

A district court's discretion to determine if "newly discovered evidence warrants a new trial is broad because its vantage point as to the determinative factor—whether newly discovered evidence would have influenced the jury—has been informed by the trial over which it presided." *United States v. Stewart*, 433 F.3d 273, 296 (2d Cir. 2006). The district court did not abuse its broad discretion here.

There is no dispute that the newly discovered evidence here is impeachment evidence, rather than substantive evidence about the defendants' alleged criminal conduct. A new trial is not required based on the discovery of "[n]ew impeachment evidence . . . when the . . . evidence merely furnishes an additional basis on which to impeach a witness whose credibility has already been shown to be questionable." *United States v. Parkes*, 497 F.3d 220, 233 (2d Cir. 2007) (quoting *United States v. Wong*, 78 F.3d 73, 79 (2d Cir. 1996)). In such circumstances, the new evidence is merely "cumulative." *United States v. Spinelli*, 551 F.3d 159, 165 (2d Cir. 2008). As Everette Toole acknowledges in his brief, the jury here already had substantial reason to question Leonard's credibility given that Leonard had a prior felony conviction, initially lied to the government about his source of cocaine, gave inconsistent statements to the FBI, and often could not remember the contents of his testimony from earlier in the trial. The government had also already presented evidence indicating that Leonard had been conspiring to deal drugs after his release from prison. The new impeachment evidence indicating that Leonard may have

---

an obligation to investigate further so as to be able to turn over additional impeaching evidence. The defendants forfeited this argument by failing to raise it in their briefs, and, in any event, there is no such rule.

committed perjury on a collateral issue is cumulative of other evidence indicating that Leonard was untrustworthy and insufficient to entitle the defendants to a new trial.

Moreover, even if the new impeachment evidence were non-cumulative, "a new trial is [only] warranted if the court is left with a firm belief that [with the benefit of the new evidence] the defendant would most likely not have been convicted." *United States v. White*, 972 F.2d 16, 21 (2d Cir. 1992) (internal quotation marks and brackets omitted). As the district court held, there was a significant amount of other evidence corroborating Leonard's testimony. With respect to the charges surrounding the 2006 conspiracy, the government introduced tape recordings of both defendants discussing illegal drug transactions. These recordings alone are sufficient to support the convictions on the 2006 conspiracy counts. Additionally, with respect to the 2003-2004 conspiracy charges, Algernon Toole's girlfriend testified that she saw Algernon meet with co-conspirators to plan drug transactions on six occasions and heard Algernon mention that they needed to get in contact with "E," *i.e.*, Everette Toole, during those conversations.

The government also introduced testimony from other cooperating witnesses, an incriminating post-arrest statement by Everette Toole, and tape recordings from 2006 during which Everette Toole indicated that he had been involved in earlier conspiracies with Leonard and Algernon Toole. Indeed, we previously held on direct appeal that "many aspects of [Leonard's] testimony were corroborated by other evidence presented at trial." *United States v. Williams*, 453 F. App'x 74, 78 (2d Cir. 2011) (summary order). Therefore, we cannot conclude

4

that the jury would have *likely* come to a different result if it had heard the defendants' newly discovered evidence.[2]

We have considered the defendants' remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2] The defendants also contend that the new evidence would have led the jury to question the testimony of another cooperating witness, Frank Cavallucci, because the evidence showed that Cavallucci was conspiring with Leonard to deal drugs after their release from prison. However, during trial, the defendants did not re-call Cavallucci to question him once they learned that he might have been involved in such a scheme. The defendants do not contend that they would have re-called Cavallucci as a witness if the newly discovered evidence had been available at trial. In any event, given the other available evidence, the jury would have been likely to convict the defendants without Cavallucci's testimony.